GBAPACES

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          15 CR 369 (GHW)

5    EDWIN ACETY,

6                   Defendant.

7    ------------------------------x

8                                         New York, N.Y.
                                          November 10, 2016
9                                         10:13 a.m.

10

     Before:
11
                         HON. GREGORY H. WOODS,
12
                                          District Judge
13

14                            APPEARANCES

15

     PREET BHARARA,
16        United States Attorney for the
          Southern District of New York
17   MICHAEL FERRARA
          Assistant United States Attorney
18
     SABRINA SHROFF
19        Attorney for Defendant

20

     ALSO PRESENT:  AGENT MAUREEN TYLER, DCIS
21                  JOHN GALVIN, Postal Inspector

22

23

24

25

GBAPACES

1          (In open court)

2          (Case called)

3          MR. FERRARA:  Good morning, your Honor.  Michael

4    Ferrara from the government, and I am joined by two special

5    agents from Defense Criminal Investigative Services, Maureen

6    Tyler, to my direct left, and towards the end of the table,

7    from Postal Inspection Service, John Galvin.

8          THE COURT:  Thank you very much.  Good morning.

9          MS. SHROFF:  Good morning.  For Mr. Acety, Federal

10   Defenders of New York, Sabrina Shroff.  Mr. Acety is present

11   and to my left.

12         THE COURT:  Good morning.  We are here to conduct a

13   sentencing hearing for Mr. Acety.  I've received and reviewed

14   the following materials in connection with this sentencing.

15   First, a presentence report which is dated October 24, 2016;

16   second, the defendant's sentencing memorandum dated

17   November 3rd, 2016, together with its exhibits; and third, the

18   government's sentencing memorandum, which is dated

19   November 3rd, 2016.  Have each of the parties received all of

20   those materials?

21         MR. FERRARA:  The government has, your Honor.

22         MS. SHROFF:  Yes, your Honor.

23         THE COURT:  Thank you.  Have the two sentencing

24   memoranda been filed with the clerk of court?

25         MR. FERRARA:  I did not do it personally, but I

1   understand it has been, yes.

2           THE COURT:  Thank you.

3           MS. SHROFF:  No, your Honor.  Mine was filed under

4   seal.

5           THE COURT:  What's the basis for it to be filed under

6   seal?

7           MS. SHROFF:  Your Honor, because Mr. Acety met with

8   the government and provided substantial information to the

9   United States, we did not think that it should be filed on ECF.

10          THE COURT:  Thank you.  I won't accept a complete seal

11  of the entire submission.  If you wish to review it and

12  identify specific elements of it that you believe should be

13  placed under seal, I would entertain that submission.

14          MS. SHROFF:  That's fine, your Honor.  What I'll do is

15  I'll redact the paragraph on Page 4, and then I will ECF file

16  it.

17          THE COURT:  Thank you very much.  I see it.  Thank

18  you.  I'd appreciate that.  Thank you very much.  I look

19  forward to seeing that.  Will you be able to do that today,

20  Ms. Shroff?

21          MS. SHROFF:  I'm sorry, I didn't hear you.

22          THE COURT:  Will you be able to do that today?

23          MS. SHROFF:  Sure.

24          THE COURT:  Good.  Are there any other submissions in

25  connection with the sentencing?

1              MR. FERRARA:  No, your Honor.

2              MS. SHROFF:  Not from us, your Honor.

3              THE COURT:  Thank you.  Ms. Shroff, have you read the

4      presentence report?

5              MS. SHROFF:  I have, your Honor.

6              THE COURT:  Have you discussed it with your client?

7              MS. SHROFF:  I have.

8              THE COURT:  Mr. Acety, can I turn to you, please.

9      Have you read the presentence report?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Have you discussed it with your counsel?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Have you had the opportunity to review

14     with your counsel any errors in the presentence report, or any

15     other issues that should be addressed by the Court?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Thank you.  Let me turn to the United

18     States.  Counsel, have you read the presentence report?

19             MR. FERRARA:  Yes, your Honor.

20             THE COURT:  Do you have any objections related to the

21     factual accuracy of the presentence report?

22             MR. FERRARA:  No.

23             THE COURT:  Thank you.  Ms. Shroff, do you have any

24     objections related to the factual accuracy of the presentence

25     report?

5

1          MS. SHROFF:  No, your Honor.

2          THE COURT:  Thank you.  Given that there are no

3    objections to the factual recitations in the presentence

4    report, the Court adopts the factual recitations in the

5    presentence report.  The presentence report will be made a part

6    of the record in this matter and will be placed under seal.  If

7    an appeal is taken, counsel on appeal may have access to the

8    sealed report without further application to the court.

9          The district courts are no longer required to follow

10   the sentencing guidelines.  We are still required to consider

11   the applicable guidelines in imposing sentence, and to do so it

12   is necessary that we accurately calculate the sentencing range.

13         In this case, the defendant pleaded guilty, pursuant

14   to a plea agreement, to one count of an information charging

15   that the defendant exported and attempted to export controlled

16   defense articles without a license to Russia, in violation of

17   22 U.S.C. section 2778(b)(2) and (c).

18         There's a plea agreement in this case, I understand,

19   in which the parties stipulated to a particular calculation of

20   the sentencing guidelines.  Counsel, can you please confirm

21   that I'm correct that the sentencing guidelines calculation in

22   the presentence report is substantively consistent with that

23   agreement?

24         MR. FERRARA:  That's my understanding, your Honor.

25         MS. SHROFF:  Yes, your Honor.

GBAPACES

1          THE COURT:  Thank you.  Let me turn to you,

2     Mr. Ferrara.  Does the government agree that a two-level

3     adjustment is appropriate here under section 3(e)(1.1)(A)?

4          MR. FERRARA:  Yes.

5          THE COURT:  Is the government moving for an additional

6     one-level adjustment under section 3(e)(1.1)(D)?

7          MR. FERRARA:  Yes, your Honor.

8          THE COURT:  Thank you.  I calculate the sentencing

9     guidelines in a manner consistent with the presentence report.

10    The applicable sentencing guidelines manual is the

11    November 1st, 2015, sentencing guidelines manual, as

12    supplemented by the August 1, 2016, supplement.

13          Pursuant to section 2(m)(5.2), the basic level of the

14    offense is 26 because the defendant, I find, fell between a

15    minor participant and a minimal participant.  His offense level

16    is decreased by three pursuant to section 3(b)(1.2).  Because

17    the defendant has demonstrated acceptance of responsibility for

18    his offense, through his plea allocution, I apply a two-level

19    reduction pursuant to section 3(e)(1.1)(A).  Upon motion by the

20    government, an additional one-level adjustment is warranted

21    under section 3(e)(1.1)(D).

22          As a result, the applicable guidelines offense level

23    is 20.  The defendant has no criminal history points.

24    Therefore, his criminal history category is I.

25          Counsel, is it correct that in the plea agreement both

1    parties agreed not to seek a departure under the guidelines?

2              MR. FERRARA:  Yes, your Honor.

3              MS. SHROFF:  Yes, your Honor.

4              THE COURT:  Thank you.  Nonetheless, I've considered

5    whether there is an appropriate basis for departure from the

6    advisory range within the guidelines system, and while I

7    recognize that I have the authority to depart, I do not find

8    any grounds warranting a departure under the guidelines.

9              In sum, I find that the offense level is 20 and the

10   criminal history category is I.  Therefore, the guidelines

11   range in this matter is 33 to 41 months' imprisonment.  Does

12   either party have any objections to the sentencing guidelines

13   calculation?

14             MR. FERRARA:  No.

15             MS. SHROFF:  No, your Honor.

16             THE COURT:  Thank you.  Ms. Shroff, do you wish to be

17   heard with respect to sentencing?

18             MS. SHROFF:  Your Honor, I ask the Court to follow the

19   recommendation of the department of probation and sentence

20   Mr. Acety to time served.

21             THE COURT:  Thank you.  Mr. Acety, do you wish to make

22   a statement?

23             THE DEFENDANT:  No.

24             THE COURT:  Thank you.  Does the United States wish to

25   be heard with respect to sentencing?

1    MR. FERRARA:  Unless the Court has questions, we will

2    rely on the written submission, your Honor.

3    THE COURT:  Thank you.  Is there any reason why

4    sentence should not be imposed at this time?

5    MR. FERRARA:  I know of none, your Honor.

6    MS. SHROFF:  No, your Honor.

7    THE COURT:  All right.  Now I'll describe the sentence

8    that I intend to impose, but counsel will have a final

9    opportunity to make legal objections before the sentence is

10   finally imposed.  As I've stated, the guidelines range

11   applicable to this case is 33 to 41 months' imprisonment.  I've

12   considered the guidelines range.

13   Under the Supreme Court's decision in Booker and its

14   progeny, the guidelines range is only one factor that I must

15   consider in deciding the appropriate sentence.  I'm also

16   required to consider the other factors set forth in 18 U.S.C.

17   section 35553(a).  These include, first, the nature and

18   circumstances of the offense, and the history and

19   characteristics of the defendant; second, the need for the

20   sentence imposed to:

21   A, reflect the seriousness of the offense, to promote

22   respect for the law, and to provide just punishment for the

23   offense;

24   B, to afford adequate deterrence to criminal conduct;

25   C, to protect the public from further crimes of the

1    defendant;

2           And, D, to provide the defendant with needed education

3    or vocational training, medical care or other correctional

4    treatment in the most effective manner.

5           Third, the kinds of sentences available.

6           Fourth, the guidelines range.

7           Fifth, any pertinent policy statement.

8           Sixth, the need to avoid unwarranted sentence

9    disparities among defendants with similar records who have been

10   found guilty of similar conduct.

11          And, seventh, the need to provide restitution to any

12   victims of the offense.

13          Ultimately, I'm required to impose a sentence

14   sufficient but no greater than necessary to comply with the

15   purposes of sentencing that I mentioned a moment ago as set

16   forth in section 3553(a).

17          I've given substantial thought and attention to the

18   appropriate sentence in this case, considering all of the

19   section 3553(a) factors and the purposes of sentencing as

20   reflected in the statute.  Based on a review of all of the

21   factors, which I will discuss in more detail in a moment, I do

22   intend to impose a non-guidelines sentence of one year

23   probation, subject to the mandatory and special conditions

24   described in the presentence report, which I will detail with

25   more specificity later.

1        I do not expect an order of restitution, but I do

2   expect to impose a forfeiture order.  I also expect to impose a

3   fine.  I will impose the mandatory fee of $100.  I'll discuss

4   those issues again in more depth after I have reviewed my

5   reasoning.

6        Mr. Acety, you pleaded guilty to the illegal

7   exportation of defense articles from the U.S. munitions list to

8   Russia without a license.  This is a serious offense.  I

9   understand from your submission that you suggest that this

10  conduct was done at the request of your friend and

11  co-defendant, Mr. Bryukhov, and that I've already found that

12  your role in the offense was minor.

13       Still, you acquired night vision equipment that may

14  not be exported to Russia without a license, provided it to

15  Mr. Bryukhov knowingly, knowing that those materials would be

16  exported to Russia.  This is a felony offense.  It is a serious

17  offense and one that I take extremely seriously.

18       My sentence here does not minimize the nature of the

19  offense, but it takes into account the role that you had in it

20  and, as I will discuss, recognizes the other mitigating factors

21  that I found in my review of the 3553(a) factors.

22       Mr. Acety is a Brooklyn native, born there in 1975.

23  You dropped out of school in the 12th grade to work in a horse

24  stable in Prospect Park, I understand.  It appears that you've

25  had a stable work history since then working in a variety of

1    jobs, as a technician's assistant at an animal hospital, as a

2    chimney sweep, a boiler mechanic, and most recently and

3    currently, a position as a live-in superintendent for rental

4    properties in Brooklyn.

5         Your job, Mr. Acety, the reduced rent that you have in

6    that capacity, seem to provide you with a reasonable amount of

7    positive monthly cash flow.  You are blessed with good health,

8    a caring family.  Your mother and your siblings all wrote to me

9    in connection with this sentencing.  You have no criminal

10   history other than this offense, and Ms. Shroff represents to

11   me the single blemish resulted from your undue trust in

12   Mr. Bryukhov, the co-defendant.

13        I've read all of the letters from your family members

14   and friends.  They describe you as a dedicated, hard working

15   and honest person, but now a felon, and a person who's made a

16   very serious mistake that, as you know, will follow with you

17   for your life.

18        In sum, however, Mr. Acety, while guilty of a serious

19   offense, is a first-time felony offender.  He has a family.  He

20   has a decent job.  He's adjusted well, as I understand it, to

21   pretrial supervision, and I read Ms. Shroff's description of

22   the impact of this conviction on your life already, and I take

23   all of those factors into consideration in reaching my decision

24   that a term of incarceration is not appropriate for you.

25        I'm required to consider the deterrent effect on you

1    personally, Mr. Acety, and to deter others from committing this

2    crime.  With respect to personal deterrence, the record before

3    me does not suggest that Mr. Acety is likely to participate in

4    this type of criminal activity in the future.  I understand

5    that he was attempting to help Mr. Bryukhov, who was

6    incarcerated, and then would be subject to a term of home

7    incarceration.  And that Mr. Acety, I hope, now understands

8    that the assistance that he provided to his friend was illegal,

9    that as a convicted felon, Mr. Acety will have a strong

10   disincentive to undertake similar conduct in the future.

11          I've considered the need to provide Mr. Acety with the

12   opportunity to obtain educational or vocational training,

13   medical care or other correctional treatment in the most

14   effective manner.

15          In this case, I believe that a term of incarceration

16   will not advance Mr. Acety.  He is currently employed in a

17   stable profession in which he has found some success.  I

18   believe, as a result, that he will be better served by a

19   non-incarceratory sentence.  I've considered the kinds of

20   sentences available, given the nature of the offense.  I

21   believe that a sentence with a term of imprisonment beyond time

22   served is not appropriate.

23          Probation is permitted under the statute, and given

24   Mr. Acety's personal circumstances and his minor role in the

25   offense, I believe that it is the appropriate sanction in this

1  case.  I've given serious consideration to the guidelines and

2  the policy statements in this case.  However, I believe that a

3  non-guidelines sentence is appropriate, again, in light of the

4  defendant's minor role in the offense, the nature of the

5  offense, and otherwise, his clear record, and my hope for his

6  future prospects as he continues in his profession with the

7  support of his family.

8          I've considered the need to avoid unwarranted sentence

9  disparities while I'm imposing a sentence that is lower than

10  the guidelines range and that may, therefore, be lower than

11  that for similarly situated defendants nationwide.  I believe

12  that it's necessary or appropriate in light of the nature and

13  characteristics of this defendant.  The sentence is also in

14  proportion to the sentence that I imposed on his co-defendant,

15  who was substantially more culpable than Mr. Acety.

16          With that, Mr. Acety, please rise for the imposition

17  of sentence.  Mr. Acety, it is the judgment of this court that

18  you be sentenced to one year of probation.  The mandatory

19  conditions of probation shall apply.  They are:

20          The defendant shall not commit another federal, state

21  or local crime.  The defendant shall not illegally possess a

22  controlled substance.  The defendant shall not possess a

23  firearm or destructive device.  The defendant shall cooperate

24  in the collection of DNA as directed by the probation officer.

25  The defendant shall refrain from any unlawful use of a

1    controlled substance.  The defendant shall submit to one drug

2    test within 15 days of placement on probation and at least two

3    unscheduled drug tests thereafter.

4          The standard conditions of probation one through 13

5    shall apply.  In addition, the following special conditions

6    shall apply:

7          The defendant shall submit his person, residence,

8    place of business, vehicle, and any property or electronic

9    devices under his control to a search on the basis that the

10   probation officer has reasonable belief that contraband or

11   evidence of a violation of the conditions of the defendant's

12   probation may be found.  The search must be conducted at a

13   reasonable time and in a reasonable manner.  Failure to submit

14   to a search may be grounds for revocation.  The defendant shall

15   inform any other residents that the premises may be subject to

16   a search pursuant to this condition.

17         The defendant shall provide the probation officer with

18   access to any requested financial information.  The defendant

19   shall be supervised in his district of residence.  The

20   defendant is to report to the nearest probation office within

21   72 hours.  I believe that you are capable of paying a fine for

22   the reasons set forth in the PSR.  You have positive cash flow.

23   I believe that a fine is appropriate here, in light of your

24   conduct.  As a result, I'm going to impose a fine on defendant

25   of $4,000.

1        MS. SHROFF:  Your Honor?

2        THE COURT:  Yes.

3        MS. SHROFF:  May I most respectfully ask the Court to

4   reconsider imposing a fine.  The government is seeking

5   forfeiture from Mr. Acety.  He may have some cash flow, but

6   from having represented him for this long, it's a daily

7   struggle.  The only reason he's able to even have a cash flow

8   is because he's a superintendent.  He's been working to leave

9   New York City for almost a year now.  Most respectfully, your

10  Honor, I ask that the Court please reconsider the imposition of

11  a fine.

12       THE COURT:  Thank you.  I see monthly cash flow of

13  $1,338; that he pays $300 a month for parking, $600 a month for

14  car repairs, $500 a month for veterinarian expenses.  That is

15  $1,400 for parking, car and veterinary expenses.

16       MS. SHROFF:  He has two elderly dogs, your Honor, and

17  he uses the car to help with his mother's many medical issues

18  that we have detailed in our submission and which is reflected

19  in the PSR.

20       THE COURT:  Thank you.  I've considered that you can

21  object to the sentence, if you wish, when I get to the end.

22  I'm ordering that the defendant pay a fine of $4,000.  The

23  defendant must pay to the United States a total special

24  assessment of $100, which shall be due immediately.  The

25  defendant must forfeit all property, real and personal,

1    involved in the offense or traceable to the offense, including

2    but not limited to $6,000 in U.S. currency.  Is there a

3    proposed order of forfeiture?

4         MR. FERRARA:  I apologize, your Honor.  It occurred to

5    me when your Honor was listing the things that the Court had

6    received, that you had not mentioned a preliminary order of

7    forfeiture.  We will get that to the Court promptly.  They

8    don't trust us to draft those.  The asset forfeiture unit does

9    that, but I believe, having done this many times, that if your

10   Honor puts $6,000 in the judgment as forfeiture today, we would

11   get your Honor the preliminary order of forfeiture next week,

12   that would be sufficient, legally sufficient.  The judgment

13   could issue today, if your Honor wanted to.

14        THE COURT:  Thank you.  Ms. Shroff, what's your

15   position?

16        MS. SHROFF:  I informed Mr. Ferrara that we have no

17   objection to the government taking some time.  We didn't object

18   to the forfeiture, and Mr. Acety is going to make his best

19   efforts to repay.

20        THE COURT:  Thank you.  So I will impose that

21   judgment.  Again, the defendant must forfeit all property, real

22   and personal, involved in the offense or traceable to the

23   offense, including but not limited to, $6,000 in U.S. currency,

24   and I'll include that order of forfeiture in the judgment.

25        Mr. Ferrara, I understand that the United States is

1    not seeking restitution in this case; is that correct?

2              MR. FERRARA:  It is, your Honor.

3              THE COURT:  Thank you.  Does either counsel know of

4    any legal reason why this sentence shall not be imposed as

5    stated?

6              MR. FERRARA:  No, your Honor.

7              MS. SHROFF:  No, your Honor.

8              THE COURT:  Thank you.  The sentence, as stated, is

9    imposed.  I find that sentence to be sufficient but not greater

10   than necessary to comply with the purposes of sentencing set

11   forth in 18 U.S.C. section 3553(a)(2).

12             Mr. Ferrara, are there open counts that need to be

13   dismissed?

14             MR. FERRARA:  Yes, and the government moves to do so

15   now.

16             THE COURT:  Ms. Shroff?

17             MS. SHROFF:  Yes, that's fine, your Honor, but may I

18   ask that the Court at least inform probation that no interest

19   should be imposed while he pays the fine?

20             THE COURT:  Thank you.  Let me come to that

21   momentarily.  Just give me one minute.  I'm ordering dismissal

22   of the open counts.

23             Now, Mr. Acety, you have the right to appeal your

24   conviction and sentence, except to whatever extent you may have

25   validly waived that right as part of your plea agreement.  The

1    notice of appeal must be filed within 14 days of the judgment

2    of conviction.  If you're not able to pay the costs of an

3    appeal, you may apply for leave to appeal in forma pauperis.

4    If you request, the clerk of court will prepare and file a

5    notice of appeal on your behalf.

6            Ms. Shroff, you wanted to raise a point regarding

7    payment terms for the forfeiture and fine?

8            MS. SHROFF:  Your Honor, if the Court still feels that

9    a fine is appropriate, I've made my arguments.  I just ask that

10   you have the department of probation not impose any interest

11   while he's paying the fine; so that, you know, while he's

12   making monthly payments, there is no interest imposed on the

13   total amount and the same holds true for the forfeiture.

14           THE COURT:  Thank you.  I'll consider that.  Are there

15   any other applications?

16           MS. SHROFF:  No, your Honor.

17           MR. FERRARA:  Not from the government, your Honor.

18           THE COURT:  Thank you very much.  I take it that these

19   are your friends and family members in the back, Mr. Acety?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Let me thank you for being here.  I know

22   that you arrived late.  I can tell you that your letters in

23   support for Mr. Acety were important for me in considering what

24   the appropriate sentence was for him.  As you may have heard,

25   I've not imposed a sentence of incarceration on him in large

1 part hoping that he will, with your support, be able to avoid

2 this kind of conduct in the future and live a successful life.

3 So, please, continue to support him.

4 　　　　Mr. Acety, I wish you luck.  Please don't show up in

5 my courtroom again.

6 　　　　THE DEFENDANT:  I won't.

7 　　　　THE COURT:  Thank you.  This proceeding is adjourned.

8 　　　　(Pause)

9 　　　　MS. SHROFF:  Your Honor, I'm sorry.

10 　　　　THE COURT:  Yes, Ms. Shroff?

11 　　　　MS. SHROFF:  I apologize.  Was the Court going to rule

12 on the interest?

13 　　　　THE COURT:  I'm going to take your consideration under

14 advisement.  I'll determine it when I look at the judgment

15 form.  My expectation is that I will not impose interest on the

16 defendant.

17 　　　　MS. SHROFF:  Okay.  Thank you, your Honor, and I just

18 wanted to make sure that the Court knows that Mr. Ferrara would

19 not object to our request.

20 　　　　THE COURT:  Thank you.  Is that correct, Mr. Ferrara?

21 　　　　MR. FERRARA:  It is, your Honor.

22 　　　　THE COURT:  Thank you.  Do I get to hit my gavel

23 again?

24 　　　　MS. SHROFF:  Sure.

25 　　　　THE COURT:  Thank you.

GBAPACES

1          MR. FERRARA:  Have a good day, your Honor.

2          (Adjourned)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25